IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PETER BURKE, on behalf of HIMSELF and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BP CORPORATION NORTH AMERICA, INC.; BP AMERICA INC.; TRANSOCEAN LTD.; HALLIBURTON ENERGY SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION <br><br> Defendants. | CIVIL ACTION NO.: <br> <u>1:10-cv-00195</u> <br><br> JURY TRIAL DEMANDED |

### FIRST AMENDED NATIONWIDE CLASS ACTION COMPLAINT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiff Peter Burke brings this class action, on behalf of himself and all others similarly situated, against defendants BP Corporation North America, Inc., BP America Inc. (collectively referred to as "BP"), Transocean Ltd. ("Transocean"), Halliburton Energy Services, Inc. ("Halliburton") and Cameron International Corporation ("Cameron"). Plaintiffs seek redress for the damages they have suffered due to the wrongful conduct of the defendants.

### JURISDICTION AND VENUE

1.  Plaintiff Peter Burke is an adult resident citizen of Jefferson County, Alabama. Mr. Burke owns properties located on the coast of the Gulf of Mexico,

which he rents to tourists visiting the beach. Mr. Burke has already seen an impact on his ability to rent his properties because of the anticipated landfall of thousands of gallons of crude oil.

2. Defendant BP Corporation North America, Inc. is a corporation with its principal place of business and headquarters located in Indianapolis, Indiana and is a registered foreign corporation doing business in the state of Alabama and does business in this district and division.

3. Defendant BP America, Inc. is a corporation organized under and existing pursuant to the laws of the state of Delaware, with its principal place of business and headquarters located in Chicago, Illinois and is a registered foreign corporation doing business in the state of Alabama and does business in this district and division.

4. Defendant Transocean LTD. is a foreign corporation with its principal place of business and United States headquarters located in Houston, Texas.

5. Defendant Halliburton Energy Services, Inc. is a corporation with its principal place of business located in Duncan, Oklahoma and is a registered foreign corporation doing business in the state of Alabama and does business in this district and division.

6. Defendant Cameron International Corporation is a corporation organized under and existing pursuant to the laws of the state of Delaware, with its principal place of business in Wilmington, Delaware and is a registered foreign

corporation doing business in the state of Alabama and does business in this district and division.

7. This is a nationwide class action complaint with class members located along the coast of the Gulf of Mexico and throughout the United States. Less than one-third of the class members reside in Alabama. The defendants are not citizens of Alabama. The amount in controversy exceeds $5,000,000.00 (five million dollars) exclusive of interest and costs. Accordingly, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d) (as modified by the Class Action Fairness Act of 2005).

8. Venue is proper under 28 U.S.C. § 1391, since the events and property giving rise to the named plaintiff's claims occurred within this judicial district and division and since defendants are subject to the personal jurisdiction of this Court.

## NATURE OF THE CASE

9. This is a putative class action on behalf of Peter Burke and a class of all others similarly situated against defendants BP, Transocean, Halliburton and Cameron (hereinafter "defendants") resulting from the explosion, burning, sinking and leaking of the Deepwater Horizon oil rig, owned by Transocean LTD and operated by BP.

## FACTUAL ALLEGATIONS

10. On April 20, 2010 defendants caused and/or allowed to cause an explosion and fire on the oil rig Deepwater Horizon located in the Gulf of Mexico. On April 22, 2010, the entire rig sank into the Gulf of Mexico creating a major oil spill that is still ongoing at the time of filing this Complaint.

11. News reports have stated that the sinking of this oil rig could unleash more than 300,000 gallons of crude oil a day into the water resulting in a major environmental catastrophe.

12. As a result of defendants actions and/or inactions, plaintiff and the class have suffered damages.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action on his own behalf and on behalf of others similarly situated as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which plaintiff seeks to represent is composed of and defined as: All individuals and businesses who have suffered or who will suffer damages in the future as a result of the explosion and sinking of the Deepwater Horizon oil rig.

14. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Rule 23(a)(l)-(4) and Rule 23(b) of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy and superiority requirements thereof because:

a. The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Fed. R. Civ. P. 23(a)(1).

b. Common questions of law and fact exist as to all members of the class, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions which affect only individual members of the class within the meaning of Fed. R. Civ. P. 23(a)(2). These common questions of law and fact include, without limitation:

   i. Whether defendants have engaged in a violation of law as alleged herein;

   ii. Whether defendants by nature of their wrongful conduct are liable for damages and losses resulting from the conduct alleged herein; and

c. Plaintiff's claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The plaintiffs and all members of the class sustained damages arising out of and relating to the sinking of the Deepwater Horizon oil rig. The losses of each member of the class were caused directly by defendants' wrongful conduct in violation of law as alleged herein.

d. The individual and representative plaintiff will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4). Plaintiff has no interests which are adverse to the interests of the

...
...
...

class members. Plaintiff has retained counsel who have substantial experience and success in the prosecution of class action and consumer litigation.

  e. The damages resulting from the sinking of the Deepwater Horizon affected all class members similarly. Plaintiff and all members of the class were treated the same. As a result, the issues which affect the plaintiff and the class members in common predominate over those which affect only the interest of any particular class member. Thus, common questions of law and fact greatly predominate over questions of law or fact affecting only individual members of the class.

  f. A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. P. 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far

fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

above.

## CLAIMS FOR RELIEF

## COUNT I – NEGLIGENCE

15.  Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

16.  The defendants negligently caused and/or allowed thousands of gallons of crude oil and other pollutants to spill into the Gulf of Mexico thereby causing damages to plaintiff and class members' property and businesses. The defendants owed plaintiff and members of the class a duty to use due care and not harm them, and the defendants breached this duty by their actions and/or inactions.

17.  As a direct and proximate result of the defendants' negligence, plaintiff and class members have been damaged, and this injury was foreseeable.

Wherefore, premises considered, plaintiff and the class demand judgment against the defendants for compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiff and the class may be entitled.

## COUNT II – WANTONNESS

18.  Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

19. The defendants wantonly caused and/or allowed thousands of gallons of crude oil and other pollutants to spill into the Gulf of Mexico thereby causing damages to plaintiff and class members' property and businesses. The defendants owed plaintiff and members of the class a duty to use due care and not harm them, and the defendants breached this duty by their actions and/or inactions.

20. As a direct and proximate result of the defendants' wantonness, plaintiff and class members have been damaged.

Wherefore, premises considered, plaintiff and the class demand judgment against the defendants for compensatory and punitive damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiff and the class may be entitled.

## COUNT III - TRESPASS

21. Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

22. The defendants negligently, intentionally, wantonly, recklessly, or with gross negligence, have trespassed upon the plaintiff and class members' property by releasing and dispersing crude oil and other pollutants onto plaintiff and class members' property and rendering said property less valuable, less profitable, and unmarketable. The trespass and discharge was in wanton disregard of and with reckless indifference to the rights of plaintiff or class members as owners without legal excuse or justification. The defendants unlawfully or wrongfully interfered with the plaintiff and class members' possession of their

property. The defendants' trespass is a direct, immediate and proximate cause of injuries and damages to plaintiffs.

WHEREFORE, PREMISES CONSIDERED, plaintiff and class members claim from defendants present and future, actual, compensatory and punitive damages, including damages to the value of their property, present and future, together with interest, costs and such other relief which plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT IV - NUISANCE

23. Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

24. The defendants negligently, intentionally, wantonly, maliciously, wrongfully and illegally created a private and public nuisance. The defendants' conduct has interfered and continues to interfere with the plaintiff and class members' rights to use and enjoy their property and has caused and continues to cause the plaintiff and class members hurt, inconvenience, and damage, and loss of enjoyment of life.

25. As a result of the defendants' actions, plaintiff and members of the class have been and continue to be damaged.

WHEREFORE, PREMISES CONSIDERED, plaintiff and class members claim from defendants present and future, actual, compensatory and punitive damages, including damages to the value of their property, present and future,

together with interest, costs and such other relief which plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

### COUNT V – STRICT LIABILITY

26. Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

27. Defendants' activities are uncommon and constitute a high degree of risk to plaintiffs. Defendants' activities of drilling and transporting highly volatile and toxic fuels are considered to be abnormally dangerous and ultra- hazardous.

28. The likelihood that harm would result from defendants' activities is great and the ability to eliminate the risk involved with these activities by the exercise of reasonable care does not exist. Therefore, defendants should be held strictly liable for all damages suffered by plaintiff and the class.

WHEREFORE, PREMISES CONSIDERED, plaintiff and class members claim from defendants present and future, actual, compensatory and punitive damages, including damages to the value of their property, present and future, together with interest, costs and such other relief which plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiff and members of the class seek the following relief:

(a) Following appropriate discovery, an order certifying this cause as a nationwide class action pursuant to Fed. R. Civ. P. 23, with appropriate subclasses

as the Court deems appropriate, and notice as applicable to the absent class members, and appointing D. Frank Davis and John E. Norris, and the law firm of Davis & Norris, LLP as class counsel;

(b) A declaration that BP, Transocean, Halliburton and Cameron acted negligently and wantonly; committed trespass and created a nuisance, and; should be held strictly liable for their conduct.

(c) Appropriate injunctive relief requiring the defendants to clean up the oil and pollutants.

(d) An award of compensatory damages to compensate plaintiffs and the class members;

(e) An award of punitive damages;

(f) Loss of income;

(g) Interest; and

(h) Such further and different relief as the Court may deem appropriate.

/s/ John E. Norris
John E. Norris
One of the Attorneys for Plaintiff

**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Tyler C. Vail (VAI002)
Wesley W. Barnett (BAR141)
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989

fdavis@davisnorris.com
jnorris@davisnorris.com
tvail@davisnorris.com
wbarnett@davisnorris.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ John E. Norris
OF COUNSEL

**NOTICE TO CLERK: PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

BP Corporation North America, Inc.
Prentice Hall Corp Systems
150 South Perry Street
Montgomery, AL 36104

BP America Inc.
CT Corp System
2 North Jackson St.
Suite 605
Montgomery, AL 36104

TransOcean LTD
4 Greenway Plaza
Houston, TX 77046

Halliburton Energy Services, Inc.
CT Corp System
2 North Jackson St.
Suite 605
Montgomery, AL 36104

Cameron International Corporation
CT Corp System
2 North Jackson St.
Suite 605
Montgomery, AL 36104